IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KENNETH WILSON            )
                          )
v.                        ) NO. 3-14-2012
                          ) JUDGE CAMPBELL
FISK UNIVERSITY           )

## MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 38). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

## FACTS

Plaintiff, an African-American male, is a former security officer in Defendant's Office of Campus Security. Plaintiff's Amended Complaint (Docket No. 23) alleges hostile work environment based upon race, hostile work environment based upon same-sex sexual harassment, and retaliatory discharge.

Defendant asserts, through its Motion for Summary Judgment, that Plaintiff cannot demonstrate genuine disputes of material factsor establish his claims.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this

burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## HOSTILE WORK ENVIRONMENT

Title VII prohibits racial and sexual harassment that creates a hostile or abusive work environment. To establish a *prima facie* case of a racially or sexually hostile work environment, a plaintiff must show: (1) that he is a member of a protected class; (2) that he was subjected to unwelcome harassment; (3) that the harassment was based on race or gender; (4) that the harassment had the effect of unreasonably interfering with his work performance by creating an intimidating, hostile or offensive work environment; and (5) the existence of employer liability. *Grice v. Jackson-Madison County General Hospital District*, 981 F.Supp.2d 719, 735-36 (W.D. Tenn. 2013) (citing *Newman v. Fed. Express*, 266 F.3d 401, 405 (6th Cir. 2001)).

In determining whether there was a racially or sexually hostile work environment, the Court must look to the totality of the circumstances. *Newman*, 266 F.3d at 405. Factors to consider include

the frequency of the conduct, its severity, whether it was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with the employee's work performance. *Id.* Simple teasing, offhand comment, and isolate incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment. *Id.*

The Court finds that Plaintiff's allegations of racial harassment are not sufficiently severe or pervasive to constitute a hostile work environment. The Court notes that Plaintiff has failed to cite to the record in either his Response to Defendant's Statement of Undisputed Facts[1] or his brief. On a motion for summary judgment, unsupported assertions of fact are not enough. Plaintiff has failed offer sufficient supported evidence that any racially charged comments were actually made or that such comments were more than mere offensive utterances and isolated incidents.

Accordingly, Defendant's Motion for Summary Judgment on Plaintiff's racially hostile work environment claim is GRANTED, and that claim is DISMISSED.

Similarly, Plaintiff has failed to show that he was subjected to sexual harassment. The incident Plaintiff describes with Commander Lopez may have been offensive, but Plaintiff has cited no evidence to support the fact that this incident occurred, that it happened as he reports, or that there was severe or pervasive sexual harassment.

Accordingly, Defendant's Motion for Summary Judgment on Plaintiff's sexually hostile work environment claim is GRANTED, and that claim is DISMISSED.

## RETALIATION

---

[1] Local Rule 56.01(c) requires a party responding to the moving party's statement of undisputed facts to respond on the document provided by the movant or on another document in which the non-movant has reproduced the facts and citations verbatim as set forth by the movant. The Local Rule also requires that each disputed fact must be supported by specific citation to the record. Plaintiff has not complied with this Local Rule.

To make a *prima facie* case of retaliation, Plaintiff must show that (1) he engaged in protected activity; (2) the exercise of protected rights was known to the Defendant; (3) Defendant took an adverse employment action against Plaintiff, and (4) there was a causal connection between the protected activity and the adverse action. *Taylor v. Geithner*, 703 F.3d 328, 336 (6th Cir. 2013). To establish a causal connection, Plaintiff must produce sufficient evidence from which one could draw an inference that Defendant would not have taken the adverse employment action had he not engaged in activity protected under Title VII. *Taylor*, 703 F.3d at 339. In *University of Texas Southwestern Medical Center v. Nassar*, 133 S.Ct. 2517 (2013), the Court held that a plaintiff making a Title VII retaliation claim must establish that his or her protected activity was a "but-for" cause of the alleged adverse action by the employer. *Id.* at 2533-34.

Once a *prima facie* showing is made, the Defendant must articulate a legitimate nonretaliatory reason for its action, and then the burden shifts back to the Plaintiff to show that the proffered reason was not its true reason but merely a pretext for retaliation. *Harris v. Metropolitan Gov't of Nashville and Davidson County*, 594 F.3d 476, 485 (6th Cir. 2010).

In his Amended Complaint, Plaintiff alleges that he was fired because he complained about the alleged sexual harassment of Commander Lopez. Plaintiff asserts that Defendant counseled him and gave him a written warning within a month of the Lopez incident and terminated his employment about a month later. Plaintiff avers that the reasons given for the termination were pretextual.

Defendant argues, through its Motion for Summary Judgment, that Plaintiff cannot show that he reported the alleged sexual harassment to Defendant before he was fired or that Vice-President Meriweather, the person who made the decision to fire Plaintiff, knew about any alleged harassment. Plaintiff has failed to rebut these arguments.

4

In his deposition, Plaintiff admits that, although he "attempted" to "blow the whistle" about what was going on, he was never successful in notifying his supervisors or the administration. Plaintiff's Deposition (Docket No. 41-1), p. 94. When he was finally able to make a complaint, it was *after* his termination and to President Williams. *Id*.

The Court finds that Plaintiff has not shown, by competent evidence, that he engaged in protected activity or that Defendant knew he had engaged in protected activity. In any event, the reason articulated by Defendant is legitimate and non-retaliatory: Plaintiff used the master key given to him for the purpose of patrolling the campus to unlock and enter the office of the Vice-President without authorization and in violation of the Campus Safety Policy and Procedure Manual. Plaintiff argues this allegation is false, but he has brought forth no evidence to support his claim. Neither has he shown that Defendant did not have a good faith belief in its reason for his firing.

For these reasons, Defendant's Motion for Summary Judgment is GRANTED as to Plaintiff's retaliation claim, and that claim is DISMISSED.

## CONCLUSION

Accordingly, Defendant's Motion for Summary Judgment (Docket No. 38) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE