# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|                      | 100 EAST FIFTH STREET, ROOM 540      |                       |
| Deborah S. Hunt      | POTTER STEWART U.S. COURTHOUSE       | Tel. (513) 564-7000   |
| Clerk                | CINCINNATI, OHIO 45202-3988          | www.ca6.uscourts.gov  |

Filed: June 9, 2016

Mr. Kenneth Wilson
534 Glengarry Drive
Nashville, TN 37217

Mr. William N. Ozier
Ms. Mary Leigh Pirtle
Bass, Berry & Sims
150 Third Avenue, S.
Suite 2800
Nashville, TN 37201

Re:  Case No. 15-6278, *Kenneth Wilson v. Fisk University*
Originating Case No. : 3:14-cv-02012

Dear Mr. Wilson and Counsel:

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Renee M. Jefferies
Case Manager
Direct Dial No. 513-564-7021

cc:  Mr. Keith Throckmorton

Enclosure

Mandate to issue

<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>

No. 15-6278

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| KENNETH WILSON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| FISK UNIVERSITY, | ) | THE MIDDLE DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

**FILED**

Jun 09, 2016

DEBORAH S. HUNT, Clerk

O R D E R

Before:  SUTTON and COOK, Circuit Judges; HOOD, District Judge.[*]

Kenneth Wilson, proceeding pro se, appeals the district court's order granting summary judgment in favor of the defendant, Fisk University ("Fisk"), in this employment discrimination action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-2000e-17.  This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed.  *See* Fed. R. App. P. 34(a).

Wilson claimed that he was subjected to a racially hostile work environment, subjected to sexual harassment, and terminated in retaliation for his complaints about his co-workers' discriminatory remarks, sexual assault, and other "illegal activities."  Wilson, an African-American, was hired on November 2, 2012, as a Security Officer at Fisk, and was terminated about four months later, on March 1, 2013, before his probationary period expired.

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

No. 15-6278
- 2 -

In support of his claim of a hostile work environment based on his race, Wilson alleged that Jamie Binkley, a Caucasian female security officer who worked with Wilson during his shift, had used racial slurs such as "black mother fucker" when referring to him and had used this slur to refer to some African-American students and a few pedestrians on the Fisk campus. Wilson also claimed that their supervisor, Timothy Wells, was aware of and tolerated Binkley's slurs.

Wilson's sexually-hostile environment claim was based on an encounter with a supervisor for a different shift, Commander Steven Lopez, when they were drinking and socializing with a group after work at Lopez's house. According to Wilson's complaint, Lopez patted Wilson on the knee but later moved his hand toward Wilson's inner thigh and groin area. Wilson stated that Lopez also wanted to demonstrate a choke hold on Wilson that night and, when Wilson started to leave the gathering, Lopez patted Wilson on his buttocks.

Wilson claimed that Fisk terminated his employment based on his complaints about these actions and other illegal and inappropriate activity by campus security employees. He added that Fisk's stated reason for his termination was pretext, and that he has suffered damages from the above events, including humiliation, embarrassment, mental anguish, shock, fright, anger, and loss of earnings and benefits.

Fisk filed a motion for summary judgment, Wilson filed a response, and Fisk replied. Fisk's supporting evidence showed that Wilson had several conflicts with students on campus during his probationary period and that, during Wilson's four months at Fisk, at least four students (including African-American students) had filed complaints against him for using unnecessary force, refusing to escort them when needed, and calling students "dumb mother fuckers." Wilson's supervisors met with him regarding these incidents and eventually placed a letter in Wilson's file memorializing a verbal warning regarding his behavior.

On February 26, 2015, Wilson sent several e-mails to campus security officials and other Fisk officials defending his position regarding the student complaints. During this exchange, it was revealed that Wilson, without permission, had used his master keys to enter the office of the Vice President of Student Engagement and Enrollment, Jason Meriwether, and left a note for

Meriwether to call him.  Meriwether, who had authority over campus security, determined that this action warranted Wilson's immediate dismissal.  On March 1, the Director of Human Resources, Dr. JaCenda Davidson, and the Assistant Director of Campus Safety, Andy Hall, met with Wilson to notify him of his violation of security protocol and immediate termination.

One or two weeks after his termination, Wilson met with the president of Fisk, H. James Williams, and presented a list of complaints about Lopez and Hall, described the encounter at Lopez's house, and accused Hall of failing to be properly licensed in firearms and armed security.  Fisk's outside legal counsel investigated Wilson's claims and determined that they were meritless.

The district court granted Fisk's motion for summary judgment, concluding that: (1) Wilson's allegations of racial harassment were not sufficiently severe or pervasive to constitute a hostile work environment; (2) he failed to show that he was subjected to any severe or pervasive sexual harassment or that the alleged incident with Lopez ever occurred; and (3) he failed to establish retaliation based on his complaints because Wilson did not notify Fisk of his co-workers' wrongdoing until after his termination.

Wilson now argues that Binkley's racial slurs established a "racially hostile environment in the work place."  He also argues that the district court failed to view the facts in a light most favorable to him for purposes of granting Fisk's motion for summary judgment, and erroneously accepted as legitimate Fisk's reason for terminating him.  By failing to present any argument regarding his claim of a hostile work environment based on his gender and Lopez's alleged sexual advances, Wilson has waived this claim.  *See Grinter v. Knight*, 532 F.3d 567, 574 n.4 (6th Cir. 2008); *see also Sykes v. United States*, 507 F. App'x 455, 463 (6th Cir. 2012).

We review de novo the district court's grant of summary judgment.  *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010).  Summary judgment is proper where "there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *accord Defoe ex rel Defoe v. Spiva*, 625 F.3d 324, 330 (6th Cir. 2010).  The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The

party opposing the motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). We will grant summary judgment if the non-movant's evidence is "merely colorable, or is not significantly probative." *Id.* at 249-50.

<u>Claim of Hostile Work Environment Based on Race</u>

To establish a prima facie case against an employer for creating a hostile work environment, a plaintiff must show that: (1) he is a member of a protected class; (2) he was subjected to unwelcome racial or gender harassment; (3) the harassment was based on race or gender; (4) the harassment unreasonably interfered with work performance by creating an intimidating, hostile, or offensive work environment; and (5) the employer is liable. *See Barrett v. Whirlpool Corp.*, 556 F.3d 502, 515 (6th Cir. 2009). In determining whether the workplace is subjectively and objectively hostile, a court should consider the totality of the circumstances, which may include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). "An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor." *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998).

The alleged "conduct must be extreme to amount to a change in the terms and conditions of employment," *id.* at 788, and must have "adversely affected the employee's ability to do his or her job." *Moore v. KUKA Welding Sys. & Robot Corp.*, 171 F.3d 1073, 1079 (6th Cir. 1999). "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the "terms and conditions of employment." *Faragher*, 524 U.S. at 788.

In a deposition, Wilson testified that Binkley had no supervisory authority over him and, during their shift, Binkley would stay in the security office and Wilson would be out in the "field" patrolling the campus. In his complaint and in response to Fisk's evidence, Wilson stated

that Binkley's slurs took place on various occasions throughout 2012 and 2013, but provided no details or eyewitness to the slurs. He presented a statement from another officer, Jeffrey Baker, with whom Binkley worked after Wilson was terminated, but Baker described events that occurred after Wilson's termination.

This evidence does not establish that Binkley's alleged racial slurs adversely affected Wilson's ability to do his job to the extent that her conduct effectively resulted in a change in the terms and conditions of his employment. *See Williams v. Gen. Motors Corp*, 187 F.3d 553, 562 (6th Cir. 1999); *Moore*, 171 F.3d at 1079. Binkley had no supervisory authority over Wilson and did not normally work in Wilson's proximity during their shared shift. Wilson's case is further weakened by Wells's deposition and a declaration by Mickey West, Fisk's Campus Security Director, stating that Wilson had never reported Binkley's conduct prior to his termination. As a result, the district court properly granted summary judgment in favor of Fisk on this claim.

Retaliation Claim

To state a prima facie case of retaliation under Title VII, Wilson had the burden of showing that he was engaging in protected activity, that Fisk was aware that Wilson engaged in the protected activity, that Fisk thereafter took an adverse employment action against him or subjected him to retaliatory harassment, and that there was a causal connection between the protected activity and the adverse employment action. *Ladd v. Grand Trunk W. R.R., Inc.*, 552 F.3d 495, 502 (6th Cir. 2009). The Supreme Court has clarified that the causation requirement calls for "proof that the [alleged] unlawful retaliation would not have occurred in the absence of the alleged wrongful action . . . of the employer." *Univ. of Tex., Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013).

Wilson failed to present sufficient evidence to refute Fisk's evidence showing that Wilson had not made Fisk aware of his concerns about his co-workers until after he was terminated. In his deposition Wilson testified that he attempted to contact Meriwether, Davidson, and West a few days before his termination to make them aware of his co-workers' misconduct, but he never left any details in his voicemails, or communicated his concerns in any other way. Wilson admitted that no Fisk officials were made aware of his complaints until he

No. 15-6278
- 6 -

met with Williams.  Therefore, Wilson failed to meet his burden of showing that Fisk took an adverse employment action after Wilson engaged in protected activity or that, but for Wilson's allegations of discrimination, he would not have been terminated.  *See id.*; *see also Greene v. U.S. Dep't of Veterans Affairs*, 605 F. App'x 501, 505 (6th Cir. 2015).

Lastly, Fisk has submitted numerous records revealing the legitimate reason for Wilson's termination.  Wilson does not deny that he entered Meriwether's office using his master keys. He also admitted that a security officer in his position at Fisk should not have the authority to enter such an office for purposes other than patrolling and that this act violated Fisk security policies.  The district court properly determined that no genuine issue of material fact remained and properly granted summary judgment.

Accordingly, we **AFFIRM** the district court's order.


ENTERED BY ORDER OF THE COURT

_____
Deborah S. Hunt, Clerk